Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002164
18-MAR-2016
07:56 AM

NO. CAAP-13-0002164

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
RONALD W. BENNER, Defendant-Appellant,
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0799-04)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Ronald W. Benner (Benner) appeals from the Judgment filed on March 6, 2013, in the Circuit Court of the First Circuit (circuit court).[1] On appeal, Benner challenges the: (1) "Order Granting Plaintiff JPMorgan Chase Bank, National Association's Motion for Summary Judgment Filed October 26, 2012 and for Writ of Ejectment Against Defendant Ronald W. Benner" (Order Granting Summary Judgment), filed on March 6, 2013; and (2) "Order Denying Defendant Ronald W. Benner's Motion to Reconsider the Court's Order Granting Plaintiff's Motion for Summary Judgment and for Writ of Ejectment" (Order Denying Motion for Reconsideration), filed June 21, 2013.

In his points of error, Benner contends the circuit court erred when it: (1) granted summary judgment to Plaintiff-

---

[1] The Honorable Bert I. Ayabe presided.

Appellee JPMorgan Chase Bank, National Association (JPMorgan Chase) because there was a genuine issue of material fact as to whether JPMorgan Chase had authority to conduct the non-judicial foreclosure sale; (2) granted summary judgment, determining that the three-year statute of repose pursuant to the Truth in Lending Act (TILA) expired before Benner exercised his rights under the Act; (3) granted summary judgment, determining that an Unfair and Deceptive Acts or Practices (UDAP) claim could not be asserted against JPMorgan Chase; and (4) denied Benner's Motion for Reconsideration.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand.

## I.  Brief Background

On May 7, 2007, Benner executed an Adjustable Rate Note (Note) in favor of Washington Mutual Bank, FA (Washington Mutual).  On January 6, 2009, Washington Mutual sent a Notice of Collection Activity to Benner stating that Benner had failed to make the required monthly payments under the terms of the Note and that Benner had thirty days to cure the default.

On June 24, 2009, an Assignment of Mortgage and Note from Washington Mutual to JPMorgan Chase was recorded.

On July 2, 2009, JPMorgan Chase recorded a Notice of Mortgagee's Non-Judicial Foreclosure Under Power of Sale.  On August 25, 2009, JPMorgan Chase recorded Mortgagee's Affidavit of Foreclosure Under Power of Sale (Affidavit of Sale), which provides, *inter alia*, that JPMorgan Chase purchased the property at the non-judicial foreclosure sale.

On April 13, 2010, JPMorgan Chase filed a Complaint for Ejectment against Benner.  On October 26, 2012, JPMorgan Chase filed a motion for summary judgment.

On March 6, 2013, the circuit court filed the Order Granting Summary Judgment to JPMorgan Chase, the Judgment, and a Writ of Ejectment.

## II. Discussion

In this case, Benner challenges the circuit court's Order Granting Summary Judgment to JPMorgan Chase and Benner's points of error all involve defenses to the validity of the non-judicial foreclosure sale conducted by JPMorgan Chase.

We review the circuit court's grant or denial of summary judgment *de novo*. Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai'i 227, 240, 361 P.3d 454, 467 (2015). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (citations and brackets omitted). "The moving party has the initial burden of 'demonstrating the absence of a genuine issue of material fact.'" Id. (citation omitted). "Only with the satisfaction of this initial showing does the burden shift to the nonmoving party to respond 'by affidavits or as otherwise provided in [Hawai'i Rules of Civil Procedure (HRCP)] Rule 56, ... setting forth specific facts showing that there is a genuine issue for trial.'" Id. at 240-41, 361 P.3d at 467-68 (citation, emphasis, and brackets omitted, ellipses in original).

To maintain an ejectment action, the plaintiff must (1) "'prove that he or she owns the parcel in issue,' meaning that he or she must have 'the title to and right of possession of' such parcel" and (2) "establish that 'possession is unlawfully withheld by another.'" Id. at 241, 361 P.3d at 468 (citations and brackets omitted). When a party receives title to a property through a non-judicial foreclosure sale, the strength and validity of the title "is unavoidably intertwined with the validity of the foreclosure sale." Id.

In Kondaur, the Hawai'i Supreme Court recently clarified that "the duties set forth in [Ulrich v. Security Inv. Co., 35 Haw. 158 (Haw. Terr. 1939)] remain viable law and are applicable to non-judicial foreclosures of real property mortgages." Kondaur, 136 Hawai'i at 229, 361 P.3d at 456. As stated in Kondaur:

3

> Ulrich requires mortgagees to exercise their right to
> non-judicial foreclosure under a power of sale in a manner
> that is fair, reasonably diligent, and in good faith, and to
> demonstrate that an adequate price was procured for the
> property. In instances where the mortgagee assumes the role
> of a purchaser in a self-dealing transaction, the burden is
> on the mortgagee, or its quitclaim transferee or non-bona
> fide successor, to establish its compliance with these
> obligations. Its failure to do so would render the
> foreclosure sale voidable and could therefore be set aside
> at the timely election of the mortgagor.

Id. at 240, 361 P.3d at 467 (citations and footnotes omitted).
Thus, in a self-dealing transaction, where the mortgagee is the
purchaser in a non-judicial foreclosure sale, the mortgagee has
the "burden to prove in the summary judgment proceeding that the
foreclosure 'sale was regularly and fairly conducted in every
particular.'" Id. at 241, 361 P.3d at 469 (citation omitted).
"A prima facie case demonstrating compliance with the foregoing
requirements [shifts] the burden to [the mortgagor] to raise a
genuine issue of material fact." Id. at 242, 361 P.3d at 469.

In Kondaur, the mortgagee that conducted the non-
judicial foreclosure on the subject property was Resmae
Liquidation Properties LLC (RLP). At auction, RLP was the
highest bidder and thereby obtained title to the property. Id.
at 230, 361 P.3d at 457. RLP then executed a quitclaim deed
conveying the property to Kondaur and Kondaur brought an
ejectment action against the mortgagor. Id. at 230-31, 361 P.3d
at 457-58. Based on the quitclaim deed to Kondaur, the supreme
court held that Kondaur had "whatever rights RLP had on the
Property[,]" and that "the strength and validity of Kondaur's
title is unavoidably intertwined with the validity of the
foreclosure sale." Id. at 241, 361 P.3d at 468. Kondaur thus
needed "to demonstrate that the foreclosure sale was conducted in
accordance with Ulrich[.]" Id.

Kondaur filed a summary judgment motion and the only
evidence it produced with respect to the manner in which the non-
judicial foreclosure sale had been conducted was based on
mortgagee RLP's Affidavit of Sale, which certified that mortgagee
RLP had complied with the mortgage and Hawaii Revised Statutes
(HRS) §§ 667-5 through 667-10 (1993 & Supp. 2011). Id. In

4

addressing Kondaur's summary judgment motion, the supreme court stated that the "Affidavit of Sale fails to provide any averments as to the fairness and regularity of the foreclosure sale or as to whether RLP conducted the foreclosure sale in a diligent and reasonable manner[,]" the document did not speak to why the foreclosure sale was conducted on a different island than where the property was located, and, although the document identified the purchase price, it did not "make any declaration concerning the adequacy of this price." Id. at 242-43, 361 P.3d at 469-70. The "mortgagee's minimal adherence to the statutory requirements and terms of the mortgage under which the foreclosure sale is conducted . . . does not establish that the foreclosure sale similarly satisfied the Ulrich requirements." Id. at 243, 361 P.3d at 470.

As a result, because Kondaur failed to satisfy its initial burden of showing that the non-judicial foreclosure sale had been conducted in a manner that was fair, reasonably diligent, in good faith, and would obtain an adequate price for the property, the burden never shifted to the mortgagor and the mortgagor did not have to raise any genuine issue of material fact. Id. Thus, the supreme court vacated the summary judgment ruling and remanded for further proceedings. Id. at 244, 361 P.3d at 471.

Kondaur is dispositive for purposes of the instant case. Here, JPMorgan Chase assumed the role of a purchaser in a self-dealing transaction because JPMorgan Chase was the mortgagee and the highest bidder at the non-judicial foreclosure sale. Thus, pursuant to Kondaur and Ulrich, JPMorgan Chase had the initial burden to establish that the non-judicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property.

Like in Kondaur, the Affidavit of Sale prepared by JPMorgan Chase's attorney was the only evidence produced in this case to show the manner in which the non-judicial foreclosure sale was conducted, and it provides that JPMorgan Chase complied with the mortgage and HRS §§ 667-5 through 667-10. However,

5

similar to the affidavit in <u>Kondaur</u>, the Affidavit of Sale does not attest to anything concerning the adequacy of the purchase price. Thus, given <u>Kondaur</u>, JPMorgan Chase did not satisfy its initial burden of showing that the foreclosure sale was conducted in a manner that was fair, reasonably diligent, in good faith, and would obtain an adequate price for the property. Because JPMorgan Chase did not satisfy its initial burden for summary judgment, the burden never shifted to Benner to raise any genuine issue of material fact. Thus, we need not address Benner's points of error as they relate to defenses to the ejectment action. Under <u>Kondaur</u>, the grant of summary judgment for JPMorgan Chase was in error.

Therefore, IT IS HEREBY ORDERED that the Judgment filed by the Circuit Court of the First Circuit on March 6, 2013, entered pursuant to the summary judgment ruling in favor of JPMorgan Chase, is vacated. This case is remanded to the circuit court for further proceedings consistent with this decision.

DATED: Honolulu, Hawai'i, March 18, 2016.

On the briefs:
Gary V. Dubin,
Frederick J. Arensmeyer,
Andrew Goff,
(Dubin Law Offices),
for Defendants-Appellants.

Jade L. Ching,
Melissa M. Uhl,
(Alston Hunt Floyd & Ing),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge