**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000701**
**22-NOV-2024**
**08:04 AM**
**Dkt. 50 SO**

NO. CAAP-20-0000701


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SHAN SHAN H. TSENG, Plaintiff/Counterclaim Defendant-Appellant, v.
SCHEFFER C.G. TSENG, Defendant/Counterclaimant-Appellee, v.
JOHN DOES 1-10 and JANE DOES 1-10, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171001877)


SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff/Counterclaim Defendant-Appellant **Shan
Shan** H. Tseng appeals from the Circuit Court of the First
Circuit's October 16, 2020 **Final Judgment**[1] and November 26, 2019
"Order Granting Defendant Scheffer C.G. Tseng's Motion for
Summary Judgment, Filed September 18, 2019" (**Order Granting
Scheffer's Summary Judgment Motion**).[2]

---

[1] The Honorable Lisa W. Cataldo presided.

[2] The Honorable James C. McWhinnie presided.

In 1990, **Alexander** Tseng purchased an apartment at 1425 Ward Avenue (the **Property**).  In 1997, Alexander married his third wife, Shan Shan, in Shanghai, China.  Shan Shan moved into the apartment in 1998.

In February 2016, Alexander signed a power of attorney naming Defendant/Counterclaimant-Appellee **Scheffer** C.G. Tseng, his son from a prior marriage, as his agent, conservator, and guardian.  That same day, Alexander transferred the Property's title to Scheffer via an apartment deed recorded in the Bureau of Conveyances.

In April 2016, while Alexander and Shan Shan were in Taiwan, Alexander suffered a stroke and became permanently incapacitated.[3]  In October 2017, Shan Shan returned to Honolulu and discovered Scheffer held title to the Property.

In November 2017, Shan Shan filed her complaint for declaratory judgment and damages against Scheffer in the Circuit Court of the First Circuit.  In August 2018, she filed a first amended complaint raising claims of undue influence, fraud, breach of fiduciary duty, unjust enrichment/restitution, tortious interference, wrongful ejectment/eviction, and property damage.

---

[3]  Shan Shan claims Alexander had his first stroke in Honolulu in April 2015 and was hospitalized overnight.

In September 2019, Scheffer moved for summary judgment. Shan Shan opposed the motion, but she herself provided no declaration in support of her claims. The circuit court granted the motion. In October 2020, the circuit court entered Final Judgment, and Shan Shan timely appealed.

On appeal, Shan Shan contends the circuit court erred in granting summary judgment. Shan Shan argues there were genuine issues of material fact as to the claims raised in her first amended complaint.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

**(1)  Scheffer met his summary judgment burden.**

As Scheffer was the summary judgment movant, he bore the burden of proving he was entitled to summary judgment by showing Shan Shan "'fail[ed] to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she would] bear the burden of proof at trial.'" See Thomas v. Kidani, 126 Hawaiʻi 125, 130, 267 P.3d 1230, 1235 (2011) (citation omitted).

As explained below, the record indicates Scheffer met his burden as he showed Shan Shan would not be able to prove elements of her claims.

3

**Undue Influence.** As exhibits to his summary judgment motion, Scheffer provided "sworn affidavits from . . . himself and his attorney" indicating Alexander "was lucid[,]" in control of his faculties, did not show signs of distress or impairment when he executed the apartment deed, and "[t]he transfer was effected upon his instructions"; thus indicating Alexander was not susceptible to influence. See Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 160, 254 P.3d 439, 471 (2011) (Acoba, J., concurring in part) (noting elements of undue influence).

**Fraud.** Scheffer's affidavit also indicated he did not lie to Shan Shan at any point about the meeting with the attorney. He thus showed that Shan Shan would be unable to prove elements of her fraud claim, including that he made any false representation to her that she relied on. See Tauese v. State, 113 Hawaiʻi 1, 37, 147 P.3d 785, 821 (2006) (indicating plaintiff claiming fraud must establish multiple elements including that defendant intended/anticipated "plaintiff's reliance upon [defendant's] false representations") (citation and internal quotation marks omitted).

**Breach of Fiduciary Duty.** Scheffer showed Shan Shan failed to prove an element of her breach of fiduciary duty claim as he noted Alexander was not a party to the case, Shan Shan was not authorized to bring claims on his behalf, and indicated Alexander was the sole owner of the Property before Scheffer.

4

See Domingo v. James B. Nutter & Co., 153 Hawaiʻi 584, 615, 543 P.3d 1, 32 (App. 2023) ("A fiduciary duty exists when there is a relationship of trust and confidence."). He also maintained Shan Shan did not state what duty Scheffer owed her or from where it derived.

**Unjust Enrichment.** Scheffer showed Shan Shan failed to provide admissible evidence of improvements made to the Property "or that she paid for them" and noted even if improvements occurred, "[m]ere maintenance and remodeling would not give" her ownership rights in the Property. See Lumford v. Yoshio Ota, 144 Hawaiʻi 20, 25, 27, 434 P.3d 1215, 1220, 1222 (App. 2018) (noting in all unjust enrichment cases "the plaintiff must 'identify a right in the disputed assets that is both recognized, and accorded priority over the interest of the defendant.'") (citation omitted).

**Tortious Interference.** Scheffer showed Shan Shan did not prove an element of her tortious interference claim because he indicated: (1) if the claim was for tortious interference with a business relationship it failed because Shan Shan did not show Scheffer "had knowledge of [a] third-party business relationship"; (2) if it was a claim for tortious interference with a contractual relationship, Shan Shan did not claim there was a contract between her and a third party; and (3) if the claim was "related to an expected inheritance" he was "unaware

5

of any [Hawaiʻi] authority recognizing such a cause of action." See Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc., 113 Hawaiʻi 77, 115-16, 148 P.3d 1179, 1217-18 (2006) (explaining what constitutes tortious interference with a prospective business advantage); Alii Sec. Sys., Inc. v. Prof. Sec. Consultants, 139 Hawaiʻi 1, 3 n.7, 383 P.3d 104, 106 n.7 (App. 2016) (noting elements of tortious interference with contractual relations claim).

**Wrongful Ejectment or Eviction.**  Scheffer appended a copy of the deed to his summary judgment motion and noted he had a presumptively valid recorded deed to the Property.  See JPMorgan Chase Bank, Nat'l Ass'n v. Benner, 137 Hawaiʻi 326, 327, 372 P.3d 358, 359 (App. 2016) (providing plaintiff in ejectment action must prove title and "right of possession of" parcel in issue); Chun Chew Pang v. Chun Chew Kee, 49 Haw. 62, 71-72, 412 P.2d 326, 331-32 (1966) (noting deed valid on face carries presumption of validity); Watson v. Brown, 67 Haw. 252, 257, 686 P.2d 12, 16 (1984) (indicating eviction is generally a cause of action in landlord-tenant cases).

**Property Damage.**  Scheffer showed Shan Shan failed to prove an element of her damages claim as his affidavit appended to his summary judgment motion noted "[n]o damage was done to the Apartment nor to any of its contents" when he took possession.

### (2)   Shan Shan did not meet her burden.

The burden then shifted to Shan Shan to set forth specific facts showing there were genuine issues of material fact to be tried.  See generally K.M. Young & Assocs., Inc. v. Cieslik, 4 Haw. App. 657, 659, 662, 664, 675 P.2d 793, 797, 798, 799 (1983) (explaining in a case where plaintiffs moved for summary judgment, once a movant for summary judgment meets their burden, the non-movant "must respond by affidavit or otherwise setting forth specific facts showing a genuine issue of material fact and may not rely on allegations of the pleadings").

Shan Shan provided declarations from her brother and sister-in-law, photographs of the apartment, a scanned copy of her and Alexander's purported Chinese marriage certificate, and check images to support her claims.

**Undue Influence.**  Shan Shan did not produce specific facts to show Alexander was susceptible to influence and she did not provide admissible evidence showing he suffered a stroke prior to transfer of the Property.  See Welton v. Gallagher, 2 Haw. App. 242, 246-47, 630 P.2d 1077, 1082 (1981) (explaining party attacking donor's gift to donee bears burden of proving "donor was dominated by the donee" and party asserting donor's incompetency bears burden of proof due to presumption donor was competent to make gift when it was made); In re Est. of Herbert,

7

90 Hawaiʻi 443, 457, 979 P.2d 39, 53 (1999) (noting elements of undue influence).

**Fraud.** Shan Shan did not show that she relied on any "false representation" Scheffer made. See Tauese, 113 Hawaiʻi at 37, 147 P.3d at 821.

**Breach of Fiduciary Duty.** Shan Shan did not provide evidence indicating she had "a relationship of trust and confidence" with Scheffer. See Domingo, 153 Hawaiʻi at 615, 543 P.3d at 32.

**Unjust Enrichment.** Shan Shan failed to produce specific facts or admissible evidence showing she conferred a benefit on Scheffer constituting unjust enrichment. In particular, Shan Shan failed to produce specific facts showing she had a recognized right to the Property which would be accorded priority over Scheffer's interest. See Irving Tr. Co. v. Day, 314 U.S. 556, 562 (1942) ("[e]xpectations or hopes of succession, whether testate or intestate, to the property of a living person, do not vest until the death of that person"); Lumford, 144 Hawaiʻi at 25, 27, 434 P.3d at 1220, 1222.

**Tortious Interference.** Shan Shan also did not show that a claim for tortious interference with a business advantage or relationship was applicable. Hawaii Med. Ass'n, 113 Hawaiʻi at 115-16, 148 P.3d at 1217-18.

**Wrongful Ejectment or Eviction.** Shan Shan failed to produce specific facts showing she had a claim to the Property. See Benner, 137 Hawaiʻi at 327, 372 P.3d at 359; Watson, 67 Haw. at 257, 686 P.2d at 16.

**Property Damage.** There was no indication (including from the photographs or the declarations) as to who or what caused the purported damage or when the purported damage occurred.

In sum, Shan Shan failed to meet her burden of showing specific facts to be tried which were material to essential elements of the claims she would have to prove at trial.

Based on the foregoing, we affirm the circuit court's October 16, 2020 Final Judgment and November 26, 2019 Order Granting Scheffer's Summary Judgment Motion.

DATED: Honolulu, Hawaiʻi, November 22, 2024.

| | |
|---|---|
| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
| Wen Sheng Gao,<br>for Plaintiff/Counterclaim<br>Defendant-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |
| Brett R. Tobin,<br>(McCorriston Miller Mukai<br>MacKinnon LLP),<br>for Defendant/<br>Counterclaimant-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |